Filing # 227320256 E-Filed 07/15/2025 04:58:58 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN & FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

ARIANNA GARCIA,                  :        CASE NO.
                                 :
        Plaintiff,               :
vs.                              :
                                 :
PATAGONIA SEAFARMS, INC.,        :
and PATAGONIA PROCESSING         :
USA, INC.,                       :
                                 :        **FLSA OVERTIME**
        Defendants.              :        **COMPLAINT**
_____/

1.      Plaintiff, through counsel, brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA") on behalf of herself and all other non-exempt hourly employees against Defendants for unpaid overtime in violation of the FLSA.  Plaintiff's claim for damages exceeds $50,000.00, exclusive of fees, costs, and interest.

2.      Plaintiff worked and continues to work for Defendants as a non-exempt Hourly Employee from June 5, 2021 through the filing of this Complaint as a "Quality Control Supervisor."  Plaintiff is a covered employee for purposes of the FLSA.

3.      While Defendants gave Plaintiff the title of "Supervisor," she does not have the authority to hire or fire, discipline, supervise two or more non-exempt employees, or implement independent decisions on behalf of Defendants.

1

4. From October 7, 2022, through December 31, 2024, Plaintiff worked an average of 25+ unpaid overtime hours per work week based on working before and after clocking in, working through breaks and lunch, being called in to work on days off, etc. Based on Plaintiff's regular hourly rate of pay for 2022 through 2024, she is owed the following amounts:

| YEAR | HOURLY RATE | OVERTIME RATE | NUMBER OF WEEKS WORKED | UNPAID HOURS WORKED PER WEEK | TOTAL OWED |
|---|---|---|---|---|---|
| 2022 | $21.00 | $31.50 | 12 | 25 | $9,450.00 |
| 2023 | $21.73 | $32.44 | 52 | 25 | $42,172.00 |
| 2024 | $22.71 | $34.06 | 52 | 25 | $44,278.00 |
| TOTAL | | | | | $95,900.00 |

Additionally, Plaintiff is owed an equal amount representing liquidated damages for a total owed of $191,800.00.

5. Defendants, which had gross revenues in excess of $500,000.00 during the time that Plaintiff worked for them, are subject to the FLSA and they are within the jurisdiction of this Court and, at all times pertinent to this Complaint, were engaged in interstate commerce.

6. At all times hereafter mentioned, Defendants were engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

**VENUE & JURISDICTION**

7.      This action is brought by Plaintiff on behalf of herself and all others similarly situated to recover from Defendants unpaid overtime, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

8.      Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

9.      By reason of her employment with Defendants, Plaintiff and those similarly situated to her were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).   The work performed by Plaintiff and those similar to her was directly essential to those interstate activities described herein which was directly essential to the business performed by Defendants.   Plaintiff, by virtue of her job duties and functions, was engaged in commerce.

10.     All conditions precedent (if any) to bringing this action have occurred, have been satisfied, or have otherwise been waived.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**AGAINST DEFENDANTS**

11.     Plaintiff readopts and realleges all allegations contained in ¶¶ 1-10 above.

12.    Plaintiff and those similarly situated to her worked more than forty (40) hours per work week and Defendants did not pay her any of her owed overtime pay.

13.    Based on ¶12, Plaintiff and those similarly situated to her are entitled to be paid at the rate of time and one half for all hours worked in excess of forty (40) per workweek for their entire employment with Defendants.

14.    Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime compensation by their failure to pay Plaintiff and those similarly situated to her for all of their overtime hours in accordance with the FLSA.

15.    By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and those similarly situated to her suffered damages plus incurring costs and reasonable attorney's fees.   As a result of Defendants' willful disregard of the FLSA, Plaintiff and those similarly situated to her are entitled to liquidated damages.

WHEREFORE, Plaintiff and those similarly situated to her demand judgment against Defendants for payment at the rate of time and one half for all hours worked in excess of forty (40) per workweek for which they have not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## JURY TRIAL DEMAND

Plaintiff and those similarly situated to her demand trial by jury for Count I.

Respectfully submitted,

/s/ Lawrence J. McGuinness
Fla. Bar No. 814611
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel. (305) 448-9557
Fax. (305) 448-9559
*ljm@ljmpalaw.com*
*scheduling_ljmpa@comcast.net*

*Counsel for Plaintiff*