**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 25-23680-CV-WILLIAMS**

ARIANNA GARCIA,

      Plaintiff,

v.

PATAGONIA SEAFARMS, INC., *et al.*,

      Defendants.

                                     /

## ORDER OF REFERRAL AND NOTICE OF COURT PRACTICES AND PROCEDURES IN FLSA REMOVAL CASES

**THIS MATTER** is before the Court *sua sponte*. Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida, it is **ORDERED AND ADJUDGED** that all discovery disputes and non-dispositive pretrial motions in this matter are **REFERRED** to Magistrate Judge Enjoliqué Lett. It is further ordered that the Parties shall adhere to the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, Judge Williams' Court Practices and Procedures, and Judge Lett's Discovery Procedures. Judge Williams' Court Practices and Procedures and Judge Lett's Discovery Procedures are available at the Court's website: https://www.flsd .uscourts.gov/content/judge-kathleen-m-williams and https://www.flsd.uscourts.gov/content/judge-enjolique-lett.

The Court notes that this case involves the Fair Labor Standards Act ("**FLSA**") and was removed from state court. Accordingly, to assist the Court in managing this case,

and in an effort to foster its early and cost-effective resolution, it is further ordered that the Parties must comply with the following requirements:

I. **Court Practice in Removal Cases**

    **A.** Counsel for the **non-removing Party** must file a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction **WITHIN THIRTY (30) DAYS** after the filing of the Notice of Removal, pursuant to 28 U.S.C. § 1446(b).

    **B.** Counsel for the **removing Party** is directed to file a Removal Status Report **WITHIN TEN (10) DAYS** from the date of this Order. Additionally, counsel for the removing Party <u>must</u> file a Notice that includes copies of all records and proceedings in the underlying state court case **WITHIN TEN (10) DAYS** from the date of this Order and in the format specified below. Failure to file a timely Removal Status Report shall be grounds for remand. Additionally, counsel's failure to file a timely Notice with all relevant state court pleadings shall be interpreted as an abandonment of federal jurisdiction and will result in the remand of this case.

    **C.** The Removal Status Report shall contain the following:

        **1.** A plain statement of the nature of the claim and any counterclaim, crossclaim, or third-party claim made in federal or state court, including the amount of damages claimed and any other relief sought;

2. A plain statement of the grounds for removal and a list of all parties to the action, including parties to any third-party claim;

3. A list of all pending motions.

4. A brief statement by each Defendant, explaining whether each has joined the Notice of Removal; *and*

5. A statement regarding whether the Defendant has removed the action within thirty (30) days after Defendant's receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

D. If the removing Party's basis for removal is diversity jurisdiction under 28 U.S.C. § 1332, and the removing Party is a limited liability company ("*LLC*") or a limited liability partnership ("*LLP*"), the removing Party must identify each member of the LLC or LLP and establish each member's citizenship in the Removal Status Report, supported by an affidavit. Failure to do so will result in remand. If the removing Party claims diversity of citizenship, and the **non-removing Party** is an LLC or LLP, the non-removing Party must file an affidavit identifying each of its members and establishing each member's citizenship **WITHIN FOURTEEN (14) DAYS** of the filing of the Removal Status Report. If the removing Party has already provided to the Court some or all of the information requested above, the removing Party

shall briefly summarize the information requested and direct the Court to the location of the information in the record.

E.  The docket entries from the underlying state court shall be filed on the docket as attachments to a separate Notice. The Notice shall include an index of the docket entries, which shall be ordered chronologically. Each docket entry, including all pending motions, shall be filed on the docket as separate attachments to the Notice.

F.  Counsel for the removing Party shall provide copies of this Notice to all concerned parties.

II.  **Statement of Claim and Response**

A.  Plaintiff shall file a short Statement of Claim, setting forth the following:

1.  The rate of pay (*e.g.*, hourly, daily, weekly, etc.) and, if other than hourly, the number of hours that the payment was intended to compensate;

2.  The total amount of alleged unpaid wages;

3.  The calculation of such wages (*i.e.*, number of hours multiplied by the rate of pay, along with corresponding exact dates such wages were earned);

4.  The nature of the wages (*e.g.*, regular or overtime); *and*

5.  The amount of attorneys' fees (hours and rate) incurred to date.

B.  The information shall be filed with the Court **WITHIN TEN (10) DAYS** from the date of this Order and must be set forth in the form of an easily readable

chart. Additionally, Plaintiff shall **promptly** serve a copy of this Order, the Statement of Claim, and copies of all documents supporting Plaintiff's claims (*e.g.,* time sheets, paystubs, etc.) to Defendant's counsel when Defendant's counsel first appears in this case, or at the time of filing the Statement of Claim if Defendant's counsel has already appeared in this case.

C. **WITHIN FIFTEEN (15) DAYS** of receiving service of Plaintiff's Statement of Claim, Defendant shall file a response to Plaintiff's Statement of Claim ("***the Response***"), providing its own chart of the wages paid to Plaintiff during the same time periods that correspond to the information provided by Plaintiff in paragraph 1 above. Defendant shall also produce all payroll or other relevant documents (*e.g.,* time sheets, paystubs, written agreements, work schedules, work logs, etc.) supporting the Response. If Defendant does not have any records regarding the number of hours worked by Plaintiff, Defendant shall provide its own estimate of the number of hours worked during each week for which unpaid wages are claimed. The Response must not contain any legal argument or citation to authority.

D. **NO LATER THAN FIVE (5) DAYS** after the close of discovery, Plaintiff shall file an Amended Statement of Claim. And **NO LATER THAN FIVE (5) DAYS** after Plaintiff files the Amended Statement of Claim, Defendant may file a response.

III.   **Consent to Magistrate Judge, Referral for Settlement Conference, and Fairness Determination**

A. The Parties shall **promptly** confer to consider consenting to referring the Trial in this action to the assigned Magistrate Judge. Pursuant to Rule 1 of the Magistrate Rules of the Local Rules for the Southern District of Florida, if consent is not agreed to, the Court **COMPELS** the Parties to attend a Settlement Conference before the assigned Magistrate Judge **WITHIN FORTY-FIVE (45) DAYS** after the date that Defendant's Response to Plaintiff's Statement of Claim is due.  **WITHIN FIVE (5) DAYS** after the date that Defendant's Response to Plaintiff's Statement of Claim is due, Plaintiff's counsel must confer with Defendant's counsel and contact the assigned Magistrate Judge's Chambers to schedule a date for the Settlement Conference. The Parties shall file a joint status report **WITHIN THREE (3) DAYS** after contacting the assigned Magistrate Judge's Chambers to schedule the Settlement Conference, notifying the Court that (1) the Parties have conferred regarding scheduling the Settlement Conference, and (2) Plaintiff's counsel has contacted the assigned Magistrate Judge's Chambers to schedule a date for the Settlement Conference. **The Settlement Conference may not be scheduled until all payroll documents are exchanged between the Parties and reviewed by Plaintiff's counsel with their client.** The assigned Magistrate Judge will enter an Order Scheduling Settlement Conference, outlining the time and requirements for the Settlement Conference. The Settlement

Page **6** of **11**

Conference date must **NOT** be extended or rescheduled without prior approval from the assigned Magistrate Judge.

B.  Except as provided until Local Rule 16.2(e) for public-sector entities, the appearance of counsel and each Party or representatives for each Party with full authority to enter into a full and complete compromise and settlement is **MANDATORY**. If insurance is involved, an adjustor with authority up to the policy limits or the most recent demand—whichever is lower—shall attend.

C.  All discussions, representations, and statements made at the Settlement Conference will be confidential and privileged.

D.  The Parties are responsible for ensuring that **WITHIN SEVEN (7) DAYS** after the Settlement Conference, a report is filed that indicates whether: (1) the case settled (in full or in part); (2) the Settlement Conference was continued with the consent of the Parties (with information on when the Settlement Conference will be continued); or (3) an impasse was declared by the assigned Magistrate Judge.

E.   In all FLSA cases, if the case is resolved by way of settlement at the Settlement Conference, judicial review and approval of the settlement is necessary to give the settlement final and binding effect. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Accordingly, this matter is also **REFERRED** to the assigned Magistrate

Judge to determine whether such settlement in this matter is "a fair and reasonable resolution of a bona fide dispute." *Id.*

## IV.   Joint Scheduling Report

**WITHIN FOURTEEN (14) DAYS** from the date of this Order, the Parties shall file a joint conference report and a joint proposed scheduling order, as required by S.D. Fla. Local Rule 16.1(b). As part of that filing, the Parties shall complete and submit the attached form proposing deadlines.

## V.   Joint Filings

Where there are multiple Plaintiffs or Defendants, the Parties **shall file joint motions and consolidated responses and replies** unless there are clear conflicts of position. If conflicts of position exist, the Parties must explain the conflicts in their separate filings.

## VI.   Noncompliance with this Order and the Court's rules

Noncompliance with any provision of this Order, the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, this Court's Practices and Procedures, and/or any other Court order, may subject the offending Party to **sanctions**, including **dismissal** of this case. It is the duty of all counsel to take any and all actions necessary to comply with this Order, the aforementioned rules, and all Court orders.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 15th day of August, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Page **8** of **11**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. XX-XXXXX-CV-WILLIAMS**

PARTY NAME,

      Plaintiff(s),

v.

PARTY NAME,

      Defendant(s).
_____/

## SCHEDULE JOINTLY PROPOSED BY THE PARTIES

THIS MATTER is set for trial for the week of [Month, Day, Year]. The Parties propose to adhere to the following schedule:

| | |
|---|---|
| [Month, Day, Year] | The Parties shall furnish their initial disclosures pursuant to Fed. R. Civ. P. 26. The Parties are under a continuing obligation to furnish supplements within ten (10) days of receipt or other notice of new or revised information. |
| [Month, Day, Year] | The Parties shall file motions to amend pleadings or join Parties. |
| [Month, Day, Year] | Plaintiff(s) shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| [Month, Day, Year] | Defendant(s) shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |

Page **9** of **11**

| | |
|---|---|
| [Month, Day, Year] | The Parties shall exchange rebuttal expert witness summaries and reports, as required by Fed. R. Civ. P. 26(a)(2). |
| [Month, Day, Year] | The Parties shall complete all discovery, including expert discovery. |
| [Month, Day, Year] | The Parties shall complete mediation and file a mediation report with the Court. |
| [Month, Day, Year] | The Parties shall file all dispositive pre-trial motions and memoranda of law. The Parties shall also file any motions to strike or exclude expert testimony, whether based on Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or any another basis. |
| [Month, Day, Year] | The Parties shall each file one motion *in limine*.  All motions *in limine* must be filed at least six (6) weeks before Calendar Call. |
| [Month, Day, Year] | The Parties shall file their joint pretrial stipulation, witness lists, and exhibit lists in accordance with Local Rule 16.1(d) and (e).  The Parties shall also file proposed jury instructions and a proposed verdict form, or statement of fact and conclusions of law (for non- |

jury trials).    The Parties shall also submit their deposition designations.

By:            [**Attorney(s) for Plaintiff(s)**]            [**Attorney(s) for Defendant(s)**]