**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-23680-KMW-EAL**

ARIANNA GARCIA,

      Plaintiff,

v.

PATAGONIA SEAFARMS, INC., and
PATAGONIA PROCESSING USA, INC.

      Defendants,

_____/

**DEFENDANTS PATAGONIA SEAFARMS, INC. AND
PATAGONIA PROCESSING USA, INC.'S ANSWER AND
<u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S FLSA OVERTIME COMPLAINT</u>**

Defendants Patagonia Seafarms, Inc. ("Seafarms") and Patagonia Processing USA, Inc. ("Processing" and together with Seafarms, "Defendants"), file this Answer and Affirmative Defenses to Plaintiff's FLSA Overtime Complaint, and unless specifically admitted herein, denies each and every allegation.

1.     Defendants admit that Plaintiff purports to bring a cause of action under the Fair Labor Standards Act ("FLSA"), but deny any wrongdoing and deny that Plaintiff is entitled to any relief sought in the Complaint.

2.     Processing admits only that it employs Plaintiff as a Quality Control Supervisor and has been an employee since June 5, 2021. Processing states that the remainder of the allegations in Paragraph 2 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Processing denies the allegations. Seafarms  never

employed the Plaintiff and thus lacks knowledge of the allegations in the Complaint. To the extent a response is required, Seafarms denies the allegations in Paragraph 2 of the Complaint.

3. Processing denies the allegations in Paragraph 3 of the Complaint. Seafarms never employed the Plaintiff and thus lacks knowledge of the allegations in the Complaint. To the extent a response is required, Seafarms denies the allegations in Paragraph 3 of the Complaint.

4. Processing denies the allegations in Paragraph 4 of the Complaint. Seafarms never employed the Plaintiff and thus lacks knowledge of the allegations in the Complaint. To the extent a response is required, Seafarms denies the allegations in Paragraph 4 of the Complaint.

5. Processing admits that it is subject to the FLSA and that it resides within the geographic jurisdiction of this Court but denies any wrongdoing as alleged in the Complaint. Seafarms never employed the Plaintiff and thus lacks knowledge of the allegations in the Complaint. To the extent a response is required, Seafarms denies the allegations in Paragraph 5 of the Complaint.

6. Processing states that Paragraph 6 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Processing denies the allegations in Paragraph 6 of the Complaint. Seafarms never employed the Plaintiff and thus lacks knowledge of the allegations in the Complaint. To the extent a response is required, Seafarms denies the allegations in Paragraph 6 of the Complaint.

## Venue & Jurisdiction

7. Processing admits that Plaintiff purports to bring a cause of action under the Fair Labor Standards Act ("FLSA"), but denies any wrongdoing and denies that Plaintiff, or anyone similarly situated, is entitled to any relief sought in the Complaint. Seafarms never employed the

Plaintiff and thus lacks knowledge of the allegations in the Complaint. To the extent a response is required, Seafarms denies the allegations in Paragraph 7 of the Complaint.

8. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Processing states that the cited statutes speak for themselves. Seafarms never employed the Plaintiff and thus lacks knowledge of the allegations in the Complaint. To the extent a response is required, Seafarms denies the allegations in Paragraph 8 of the Complaint.

9. Processing admits that it is subject to the FLSA but denies any wrongdoing as alleged in the Complaint. Seafarms never employed the Plaintiff and thus lacks knowledge of the allegations in the Complaint. To the extent a response is required, Seafarms denies the allegations in Paragraph 9 of the Complaint.

10. Defendants are without knowledge as to the allegations in Paragraph 10 of the Complaint and therefore deny them.

**Count I**
**Recovery of Overtime Compensation Against Defendants**

11. Defendants reaver and incorporate their responses to Paragraphs 1-10 as if fully set forth herein.

12. Processing denies the allegations in Paragraph 12 of the Complaint. Seafarms never employed the Plaintiff and thus lacks knowledge of the allegations in the Complaint. To the extent a response is required, Seafarms denies the allegations in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 call for a legal conclusion to which no response is required. To the extent a response is required, Processing denies the allegations in Paragraph 13. Seafarms never employed the Plaintiff and thus lacks knowledge of the allegations in the

Complaint. To the extent a response is required, Seafarms denies the allegations in Paragraph 13 of the Complaint.

14.     The allegations in Paragraph 14 call for a legal conclusion to which no response is required. To the extent a response is required, Processing denies the allegations in Paragraph 14. Seafarms never employed the Plaintiff and thus lacks knowledge of the allegations in the Complaint. To the extent a response is required, Seafarms denies the allegations in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 call for a legal conclusion to which no response is required. To the extent a response is required, Processing denies the allegations in Paragraph 15. Seafarms never employed the Plaintiff and thus lacks knowledge of the allegations in the Complaint. To the extent a response is required, Seafarms denies the allegations in Paragraph 15 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     Plaintiff's claims against Seafarms are barred because she is not, and never has been, an employee of Seafarms.

2.     Seafarms and Processing are not joint employers of Plaintiff.

3.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendants under the FLSA.

4.     Plaintiff's claim is barred, in whole or in part, by statutory exemptions, exclusions, exceptions, credits, or definitions under the FLSA.

5.     Plaintiff's claim fails to the extent she claims unpaid overtime wages during any period of time that she worked in a position exempt from the overtime requirements of the FLSA.

6.     Plaintiff's claim is barred, in whole or in part, to the extent her claim for

entitlement to overtime pay is *de minimis* and not compensable under the FLSA.

7. Plaintiff's claim is barred, in whole or in part, as to all hours during which she was engaged in activities that were preliminary or post-liminary to her principal activities, which are not compensable under the FLSA.

8. Plaintiff's claim is barred as to any time for which she seeks compensation that does not constitute compensable hours worked.

9. Plaintiff is not entitled to liquidated damages because Processing acted in good faith and with reasonable grounds for believing that it was not in violation of the FLSA or violating the FLSA.

10. Plaintiff is not entitled to liquidated damages because no act or omission by Processing was willful, knowing, or in reckless disregard of the provisions of the FLSA.

11. Plaintiff's claim is barred, in whole or in part, by the doctrines of laches, waiver, settlement, accord and satisfaction, set-off, ratification, and/or estoppel.

12. Plaintiff's claim is barred to the extent Processing lacked actual or constructive knowledge of the hours she worked.

13. Plaintiff's claim is barred to the extent Processing did not permit her to work the hours she claims to have worked.

14. Plaintiff's claim is barred, in whole or in part, based on the doctrine of unclean hands, or otherwise, to the extent she violated Processing's policies, practices, guidelines, and/or manager instructions.

15. If Plaintiff is entitled to any unpaid wages, which Processing denies, Processing is entitled to a credit or setoff. This credit or setoff includes, without limitations, amounts erroneously overpaid to Plaintiff and money or property wrongfully taken by Plaintiff as Plaintiff

would be unjustly enriched if he prevails on his claim.

16.     Plaintiff's recovery for damages is barred because she has been properly paid for all hours and overtime hours worked.

17.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations under the FLSA.

18.     Plaintiff has failed to mitigate her damages, if any.

19.     Defendants reserve the right to assert and rely on such other defenses as may become available or apparent throughout this action and to amend its answer to assert such other defenses.

WHEREFORE, Defendants Patagonia Seafarms, Inc. and Patagonia Processing USA, Inc. request that Plaintiff's FLSA Overtime Complaint be dismissed in its entirety and with prejudice, that Plaintiff take nothing from this action, and for any other relief this Court deems just and proper.

Dated: August 22, 2025                                    Respectfully submitted,

                                                          HOLLAND & KNIGHT LLP
                                                          Holland & Knight LLP
                                                          701 Brickell Avenue, Suite 3300
                                                          Miami, Florida 33131
                                                          (305) 374-8500
                                                          (305) 789-7799 (fax)

                                                          By:   s/Christine F. Gay
                                                          Christine F. Gay
                                                          Fla. Bar No.: 026009
                                                          christine.gay@hklaw.com
                                                          Benjamin J. Tyler
                                                          Fla Bar No.: 1003552
                                                          benjamin.tyler@hklaw.com