IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-23680-KMW-EAL

ARIANNA GARCIA,

      Plaintiff,

v.

PATAGONIA PROCESSING USA, INC.

      Defendant,

_____/

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

1.      For Count I, Plaintiff, through counsel, brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA") on behalf of herself and all other non-exempt hourly employees against Defendant for unpaid overtime in violation of the FLSA.

2.      Plaintiff worked and continues to work for Defendant as a non-exempt Hourly Employee from 6/05/21 through the filing of this 1st Amended Complaint as a "Quality Control Supervisor."   Plaintiff is a covered employee for purposes of the FLSA.

3.      While Defendant gave Plaintiff the title of "Supervisor," she does not have the authority to hire or fire, discipline, supervise two or more non-exempt employees, or implement independent decisions on behalf of Defendant.

4.	From October 7, 2022, through December 31, 2024, Plaintiff worked an average of 25+ unpaid overtime hours per work week based on working before and after clocking in, working through breaks and lunch, being called in to work on days off, etc.  Based on Plaintiff's regular hourly rate of pay for 2022 through 2024, she is owed the following amounts:

| YEAR | HOURLY RATE | OVERTIME RATE | NUMBER OF WEEKS WORKED | UNPAID HOURS WORKED PER WEEK | TOTAL OWED |
|---|---|---|---|---|---|
| 2022 | $21.00 | $31.50 | 12 | 25 | $9,450.00 |
| 2023 | $21.73 | $32.44 | 52 | 25 | $42,172.00 |
| 2024 | $22.71 | $34.06 | 52 | 25 | $44,278.00 |
| TOTAL | | | | | $95,900.00 |

Additionally, Plaintiff is owed an equal amount representing liquidated damages for a total owed of $191,800.00.

5.	Defendant, which had and has gross revenues in excess of $500,000.00 during the time that Plaintiff worked for it, is subject to the FLSA and it is within the jurisdiction of this Court and, at all times pertinent to this 1st Amended Complaint, was engaged in interstate commerce.

6.	At all times hereafter mentioned, Defendant was engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

## VENUE & JURISDICTION

7.      This action is brought by Plaintiff on behalf of herself and all others similarly situated to recover from Defendant unpaid overtime, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

8.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

9.      By reason of her employment with Defendant, Plaintiff and those similarly situated to her were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).   The work performed by Plaintiff and those similar to her was directly essential to those interstate activities described herein which was directly essential to the business performed by Defendant.   Plaintiff, by virtue of her job duties and functions, was engaged in commerce.

10.      All conditions precedent (if any) to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST DEFENDANT

11.      Plaintiff readopts and realleges all allegations contained in ¶¶ 1-10 above.

3

12. Plaintiff and those similarly situated to her worked more than forty (40) hours per work week and Defendant did not pay her or those similarly situated to her any of her or their owed overtime pay.

13. Based on ¶12, Plaintiff and those similarly situated to her are entitled to be paid at the rate of time and one half for all hours worked in excess of forty (40) per workweek for their entire employment with Defendant.

14. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime compensation by its failure to pay Plaintiff and those similarly situated to her for all of their overtime hours in accordance with the FLSA.

15. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff and those similarly situated to her suffered damages plus incurring costs and reasonable attorney's fees.  As a result of Defendant's willful disregard of the FLSA, Plaintiff and those similarly situated to her are entitled to liquidated damages.

WHEREFORE, Plaintiff and those similarly situated to her demand judgment against Defendant for payment at the rate of time and one half for all hours worked in excess of forty (40) per workweek for which they have not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## COUNT II
## DEFENDANT DISCRIMINATED AGAINST PLAITIFF
## BASED ON HER PREGNANCY

16.     Plaintiff readopts and realleges all allegations contained in ¶¶ 2 & 10 above.

17.     Count II is a claim for pregnancy discrimination by Plaintiff against Defendant under Title VII, the Pregnancy Discrimination Act ("PDA") and the Pregnant Workers Fairness Act ("PWFA") whereby she is seeking declaratory and injunctive relief and damages to redress violations of such acts.  Plaintiff seeks back pay, front pay and benefits and, because of the nature of Defendant's conduct, front pay and all other damages available under Title VII, the PDA, and the PWFA, including but not limited to compensatory damages, emotional distress damages, pain and suffering, fees and costs.

18.     At all times material, Plaintiff was and is female employee working for Defendant since 6/05/21 through the filing of this 1st Amended Complaint as a "Quality Control Supervisor" in Miami-Dade County, Florida.

19.     Up until Plaintiff verbally notified Defendant's Human Resource ("HR") Department and her Supervisor Danay Delgado (hereinafter "Delgado") that she was pregnant in February 2025, she had never had any disciplinary issues and/or incidents with Defendant.

20.     In response to Plaintiff telling HR and Delgado that she was pregnant and that, according to her doctor, she might need certain work related accommodations because of her pregnancy (e.g., light duty or help with any heavy lifting, possible transfer to different shift, addition/longer/more flexible breaks to rest or go to the bathroom, making allowances for morning sickness, flexible schedule for doctor visits, etc.) HR advised Plaintiff that it was not sure that her continuing to work for Defendant would work out because they had never had another pregnant employee work there before.

21.     Almost immediately after Plaintiff informed Delgado and HR that she was pregnant, Delgado began a daily campaign of harassing Plaintiff by, among other things, telling Plaintiff that she was "worthless now that you're pregnant" while scrutinizing and criticizing Plaintiff's work in a manner that never occurred prior to her pregnancy announcement.

22.     Among other daily indignities that Delgado forced Plaintiff to endure was monitoring Plaintiff's arrival time, moments when Plaintiff became nauseous due to her pregnancy and particularly Plaintiff's bathroom breaks that resulted in Delgado chastising her in front of Plaintiff's co-workers by demanding "what were you doing in there" and expecting Plaintiff to provide a complete and detailed answer to her and the co-workers.  Delgado would also time Plaintiff's bathroom breaks and announce to Plaintiff and Plaintiff's co-workers that Plaintiff's bathroom breaks took too long because of her pregnancy.

23.     Despite Plaintiff's verbal complaints to upper management and HR, Delgado's mistreatment of her escalated until finally on or about 3/31/25, an incident occurred where Plaintiff felt ill because of her pregnancy and she went to the bathroom.   Unbeknownst to Plaintiff, Delgado followed Plaintiff into the bathroom and kicked in the stall that Plaintiff was using and took a picture from her phone of Plaintiff sitting on the toilet with no clothes from the waist down.   Delgado laughed, exited the bathroom and showed the picture of Plaintiff to her co-workers making fun of Plaintiff.

24.     After Plaintiff exited the bathroom, Plaintiff again reported Delgado's actions to HR and requested a meeting to discuss a shift transfer away from Delgado so that she did not have to work with her any longer or endure the daily indignities caused by Delgado.

25.     Instead of investigating Plaintiff's complaints or considering Plaintiff's reasonable requests for accommodations allowed by the PDA and PWFA, HR informed Plaintiff that her request was denied and suggested that Plaintiff discuss her concerns directly with Delgado.   Plaintiff replied to HR that she was scared to meet with Delgado based on Delgado's overly aggressive approach of dealing with employees that she supervised that included wrestling them to the ground in displays of strength and physically assaulting them during disagreements.   These acts of aggression by Delgado were known, condoned and encouraged by HR and Defendant's management to control its employees like Plaintiff.

26.     When Plaintiff implored HR to allow her to move to another shift, HR ignored Plaintiff's renewed request and told her to go back to work which Plaintiff reluctantly did until Plaintiff's doctor recommended that she not return to work under such stressful and hostile work conditions for fear of Plaintiff's health and the baby's condition.

27.     Plaintiff has retained the undersigned counsel and is obligated to pay said counsel a reasonable fee for services rendered herein.  Said attorneys' fees and costs are payable pursuant to Title VII, the PDA and the PWFA.

28.     At all times material, Plaintiff was qualified to continue working for Defendant despite her pregnancy.

29.     Defendant is a Florida corporation doing business in Miami-Dade County, Florida.  Defendant, who employed more than 15 employees at the time of Plaintiff's work for it, is engaged in an industry affecting commerce and employs more than 15 persons; hence, the Employer is an "employer" as envisioned by the Act.

30.     Plaintiff timely filed her Charge of Discrimination with the EEOC on or about 8/22/25 for pregnancy discrimination and retaliation.

31.     The EEOC issued Plaintiff a Notice of Right To Sue on or about 9/16/25.

32.     Based on ¶¶ 30-31, Plaintiff complied with and/or satisfied all conditions precedent and/or administrative requirements before filing this claim against Defendant.

33.    At all times material, Plaintiff was and is a member of two protected groups under the Act, i.e.: she is female and she was pregnant while employed by Defendant.

34.    As provided above, shortly after Plaintiff informed Defendant's HR and Delgado that she was pregnant and that she would likely need certain accommodations to do her job during the duration of the pregnancy, Delgado began a campaign to harass and intimidate Plaintiff so that workplace became hostile and dangerous for Plaintiff's and her baby's health and wellbeing.

35.    Based on the above, Defendant treated Plaintiff less favorably than non-pregnant employees and she was discriminated against because of her pregnancy.  In addition, Defendant violated the PWFA by failing and refusing to even consider or implement any of the reasonable accommodations requested by Plaintiff due to her pregnancy (i.e., no interactive process).

36.    The disparate treatment relative to other similarly situated non-pregnant employees to which Plaintiff was subjected by Defendant was based upon Plaintiff being pregnant and Defendant having a preference for non-pregnant employees.  Defendant did not engage in similar conduct to other similarly situated non-pregnant employees.

37.    Plaintiff, based on Defendant's actions, was damaged under Title VII, the PDA and the PWFA and Defendant's conduct, through its employees and agents, deprived Plaintiff of her statutory rights under Title VII, the PDA, and the PWFA

resulting in Plaintiff being damaged and/or harmed.

38.     The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under Title VII, the PDA and PWFA.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and the loss of the enjoyment of life.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment awarding her all such legal, equitable, and monetary relief as will effectuate the purpose of Title VII, the PDA and the PWFA, including but not limited to:

a.     Awarding appropriate damages, including compensatory damages, to Plaintiff available under said acts;

b.     Injunctive relief enjoining Defendant from continuing or maintaining the policy, practice, and custom of denying pregnant employees their rights secured by Title VII, the PDA and the PWFA;

c.     Restoring Plaintiff with credits of all other employee benefits she would have received but for Defendant's discrimination;

d.     Granting Plaintiff her costs and a reasonable award of attorneys fees pursuant to the Act;

e.     Such other relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT RETALIATED AGAINST PLAITIFF
## BECAUSE OF HER PREGNANCY

39.     Plaintiff readopts and realleges all allegations contained in ¶¶ 2 & 10 above.

40.     Count III is a claim for retaliation against Plaintiff by Defendant because of Plaintiff's request for rights and protections afforded to her under Title VII, the PDA and the PWFA whereby she is seeking declaratory and injunctive relief and damages to redress violations of such acts.   Plaintiff seeks back pay, front pay and benefits and, because of the nature of Defendant's conduct, front pay and all other damages available under Title VII, the PDA, and the PWFA, including but not limited to compensatory damages, emotional distress damages, pain and suffering, fees and costs.

41.     At all times material, Plaintiff was and is female employee working for Defendant since 6/05/21 through the filing of this 1st Amended Complaint as a "Quality Control Supervisor" in Miami-Dade County, Florida.

42.     Up until Plaintiff verbally notified Defendant's HR and Delgado that she was pregnant in February 2025, she had never had any disciplinary issues and/or incidents with Defendant.

43.     In response to Plaintiff telling HR and Delgado that she was pregnant and that, according to her doctor, she might need certain work related

11

accommodations because of her pregnancy (e.g., light duty or help with any heavy lifting, possible transfer to different shift, addition/longer/more flexible breaks to rest or go to the bathroom, making allowances for morning sickness, flexible schedule for doctor visits, etc.) HR advised Plaintiff that it was not sure that her continuing to work for Defendant would work out because they had never had another pregnant employee work there before.

44.     Almost immediately after Plaintiff informed HR and Delgado that she was pregnant, Delgado began a daily campaign of harassing Plaintiff by, among other things, telling Plaintiff that she was "worthless now that you're pregnant" while scrutinizing and criticizing Plaintiff's work in a manner that never occurred prior to her pregnancy announcement.

45.     Among other daily indignities that Delgado forced Plaintiff to endure was monitoring Plaintiff's arrival time, moments when Plaintiff became nauseous due to her pregnancy and particularly Plaintiff's bathroom breaks that resulted in Delgado chastising her in front of Plaintiff's co-workers by demanding "what were you doing in there" and expecting Plaintiff to provide a complete and detailed answer to her and the co-workers.  Delgado would also time Plaintiff's bathroom breaks and announce to Plaintiff and Plaintiff's co-workers that Plaintiff's bathroom breaks took too long because of her pregnancy.

46.     Despite Plaintiff's verbal complaints to upper management and HR, Delgado's mistreatment of her escalated until finally on or about 3/31/25, an incident

occurred where Plaintiff felt ill because of her pregnancy and she went to the bathroom.  Unbeknownst to Plaintiff, Delgado followed Plaintiff into the bathroom and kicked in the stall that Plaintiff was using and took a picture from her phone of Plaintiff sitting on the toilet with no clothes from the waist down.  Delgado laughed, exited the bathroom and showed the picture of Plaintiff to her co-workers making fun of Plaintiff.

47.    After Plaintiff exited the bathroom, Plaintiff again reported Delgado's actions to HR and requested a meeting to discuss a shift transfer away from Delgado so that she did not have to work with her any longer or endure the daily indignities caused by Delgado.

48.    Instead of investigating Plaintiff's complaints or considering Plaintiff's reasonable requests for accommodations allowed by the PDA and PWFA, HR informed Plaintiff that her request was denied and suggested that Plaintiff discuss her concerns directly with Delgado.  Plaintiff replied to HR that she was scared to meet with Delgado based on Delgado's overly aggressive approach of dealing with employees that she supervised that included wrestling them to the ground in displays of strength and physically assaulting them during disagreements.  These acts of aggression by Delgado were known, condoned and encouraged by HR and Defendant's management to control its employees like Plaintiff.

49.    When Plaintiff implored HR to allow her to move to another shift, HR ignored Plaintiff's renewed request and told her to go back to work which Plaintiff

reluctantly did until Plaintiff's doctor recommended that she not return to work under such stressful and hostile work conditions for fear of Plaintiff's health and the baby's condition.

50.     Based on the above, Defendant retaliated against Plaintiff in violation of Title VII, the PDA and PWFA based on her pregnancy and her request for reasonable accommodations because of that pregnancy.

51.     The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.   As a direct and proximate result of the discrimination and retaliation described above, Plaintiff has suffered and continues to suffer loss of income, loss of benefits, mental anguish, distress, humiliation, great expense and the loss of enjoyment of life.

52.     Plaintiff has retained the undersigned counsel and is obligated to pay said counsel a reasonable fee for services rendered herein.   Said attorneys' fees and costs are payable pursuant to Title VII, the PDA and the PWFA.

53.     At all times material, Plaintiff was qualified to continue working for Defendant despite her pregnancy.

54.     Defendant is a Florida corporation doing business in Miami-Dade County, Florida.   Defendant, who employed more than 15 employees at the time of Plaintiff's work for it, is engaged in an industry affecting commerce and employs more than 15 persons; hence, the Employer is an "employer" as envisioned by the Act.

55.   Plaintiff timely filed her Charge of Discrimination with the EEOC on or about 8/22/25 for pregnancy discrimination and retaliation.

56.   The EEOC issued Plaintiff a Notice of Right To Sue on or about 9/16//25.

57.   Based on ¶¶ 55-56, Plaintiff complied with and/or satisfied all conditions precedent and/or administrative requirements before filing this claim against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment awarding her all such legal, equitable, and monetary relief as will effectuate the purpose of Title VII, the PDA and the PWFA, including but not limited to:

a.   Awarding appropriate damages, including compensatory damages, to Plaintiff available under said acts;

b.   Injunctive relief enjoining Defendant from continuing or maintaining the policy, practice, and custom of denying pregnant employees their rights secured by Title VII, the PDA and the PWFA;

c.   Restoring Plaintiff with credits of all other employee benefits she would have received but for Defendant's discrimination;

d.   Granting Plaintiff her costs and a reasonable award of attorneys fees pursuant to the Act;

e.   Such other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff and those similarly situated to her demand trial by jury for Counts I-III.

Respectfully Submitted,

/s/ Lawrence J. McGuinness
Fla. Bar No. 814611
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel. (305) 448-9557
Fax. (305) 448-9559
*ljm@ljmpalaw.com*
*scheduling_ljmpa@comcast.net*

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; and that the foregoing document is served on this October 8, 2025, to all counsel of record or pro se parties identified on the attached Service List in the manner specified.

Respectfully Submitted,

/s/ Lawrence J. McGuinness
Fla. Bar No. 814611
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel. (305) 448-9557
Fax. (305) 448-9559
*ljm@ljmpalaw.com*
*scheduling_ljmpa@comcast.net*

*Counsel for Plaintiff*

## SERVICE LIST

**Cristine F. Gay, Esq.**
christine.gay@hklaw.com
**Benjamin Tyler, Esq.**
benjamin.tyler@hklaw.com
Holland & Knight, LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel. (305) 374-8500
Fax. (305) 789-7799

*Counsel for Defendant*
*Service via CM/ECF*

17